ALEXANDER B. TRUEBLOOD
TRUEBLOOD LAW FIRM
10940 Wilshire Blvd., Suite 1600
Los Angeles, California 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255
Email: alec@hush.com

Attorneys for Plaintiff
LESLIE ZEBELL

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LESLIE ZEBELL, | Case No: 3:19-CV-00638 |
| Plaintiff, | **COMPLAINT FOR WRONGFUL REPOSSESSION** |
| vs. | |
| CW RECOVERY, LLC, and CAPITAL ONE, N.A., | |
| Defendants. | |

Plaintiff Leslie Zebell hereby complains against defendants CW Recovery, LLC ("CW Recovery"), and Capital One, N.A. ("Capital One"), and alleges on information and belief as follows:

## OPERATIVE FACTS

1. On or about April 7, 2018, plaintiff purchased a 2017 Kia Sportage vehicle from La Crosse Auto, LLC, an auto dealership located in La Crosse, Wisconsin, primarily for personal, family or household use, and signed a retail installment sales contract in which the amount financed was less than $25,000. The contract granted the dealership a security interest in the vehicle, which became collateral for the loan. The dealership assigned the retail installment sale contract and security interest to Capital One.

2. Plaintiff fell behind on his contractual payments. Capital One was prohibited by the Wisconsin Consumer Act from conducting an involuntary, self-help repossession of plaintiff's vehicle, before it sent plaintiff a written notice which: (1) stated that it intended to repossess the car, and that plaintiff could object to self-help repossession and insist on court proceedings, and (2) disclosed the right to cure the delinquency within 15 days. Plaintiff is informed and believes that Capital One failed to mail such a pre-repossession notice to plaintiff, at his correct address.

3. Despite being prohibited by law from employing self-help repossession, Capital One hired a repossession agency, Secure Collateral Management, to repossess plaintiff's vehicle, without a court order. Secure Collateral Management in turn sub-contracted the self-help repossession to defendant CW Recovery.

4. Defendant CW Recovery repossessed plaintiff's vehicle. Because Capital One had failed to issue plaintiff a proper right to cure notice beforehand, the repossession violated both Wisconsin and federal law.

1

## JURISDICTION AND VENUE

5. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Western District of Wisconsin because plaintiff lives in this district, a substantial part of the events or omissions giving rise to the claim occurred in this district, and defendant CW Recovery is located in this district.

## PARTIES

7. Plaintiff is a natural person over the age of 18 years and is a resident of Monroe County, Wisconsin.

8. Defendant CW Recovery, LLC is a Wisconsin limited liability company headquartered in La Crosse, Wisconsin.

9. Defendant Capital One, N.A. is a national banking association headquartered in Virginia.

## FIRST CAUSE OF ACTION
**(Against Defendant CW Recovery for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.).**

10. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

11. Plaintiff is a "consumer" who allegedly owed a "debt", and CW Recovery is a "debt collector," as those terms are defined at 15 U.S.C. § 1692a. Defendant CW Recovery is a repossession agency, and use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

12. Defendant CW Recovery violated 15 U.S.C. § 1692f(6) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an

enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement. There was no present right to repossession, and the vehicle was exempt from repossession, pursuant to Wisconsin Stat. §§ 425.105(1) and 425.206(1).

13. Plaintiff is entitled to actual damages sustained as a result of defendants' conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

14. Plaintiff is entitled to statutory damages against defendants, pursuant to 15 U.S.C. § 1692k.

15. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant Capital One For Violations Of The Wisconsin Consumer Act)**

16. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

17. Plaintiff's purchase of the vehicle in the state of Wisconsin was a "consumer credit transaction" within the meaning of Wisconsin Stat. § 421.301(10). The amount financed in the transaction did not exceed $25,000, and the primary purpose of the transaction was not agricultural. Accordingly, the defendants are regulated by the Wisconsin Consumer Act, Wisconsin Stat. § 421.101 *et seq*, with respect to plaintiff's vehicle and sales contract.

18. In violation of Wisconsin Stat. § 425.105(1), defendant Capital One took possession of plaintiff's vehicle through an involuntary repossession, without first mailing plaintiff, to his correct address, a written "right to cure" notice compliant with Wisconsin Stat. § 425.104(2).

19. In violation of Wisconsin Stat. § 425.205(1g)(a) and 425.206(1)(d), defendant Capital One took possession of plaintiff's motor vehicle without first

mailing plaintiff, to his correct address, a written pre-repossession notice compliant with Wis. Stat. § 425.205(1g)(a)(1)-(4), and then waiting 15 days before any repossession.

20. Plaintiff did not consent to repossession, did not voluntarily surrender the vehicle, and did not abandon the vehicle.

21. Plaintiff is entitled to $25 plus plaintiff's actual damages sustained by reason of the violation, pursuant to Wisconsin Stat. § 425.302.

22. Plaintiff is entitled to retain his vehicle without obligation to pay any amount to defendant Capital One, and to recover any sums paid on the contract, pursuant to Wisconsin Stat. § 425.305.

23. Plaintiff is entitled to his attorneys fees, costs, and expenses pursuant to Wisconsin Stat. § 425.308.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against All Defendants For Conversion)**

24. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

25. Defendants intentionally controlled or took the vehicle belonging to plaintiff without consent, which resulted in a serious interference with plaintiff's right to possess the vehicle.

26. Plaintiff is entitled to any actual damages caused by defendants' conversion.

27. Defendants acted maliciously toward plaintiff or in intentional disregard of his rights, thereby entitling plaintiff to punitive damages.

### FOURTH CAUSE OF ACTION
**(Against All Defendants For Civil Theft, Wis. Stat. 895.446)**

28. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

29. Defendants intentionally took and towed away plaintiff's vehicle without consent and without the lawful right to do so and with intent to deprive plaintiff permanently of possession of the car, in violation of Wis. Stats. §§ 943.20 and 895.446.

30. Plaintiff suffered a loss and actual damages as a result of defendants' conduct, and pursuant to Wis. Stats. § 895.446, plaintiff is entitled to recover actual damages, all costs of investigation and litigation that were reasonably incurred, including the value of the time spent by their attorney, and punitive or exemplary damages of not more than three times the actual damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;

2. For statutory damages;

3. For clear title to the vehicle and a declaration that plaintiff owes no further debt in connection with the vehicle and is the sole owner of the vehicle free of liens;

4. For restitution of all payments made in connection with the vehicle transaction;

5. For punitive damages;

6. For injunctive relief;

7. For pre-judgment interest to the extent permitted by law;

8. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

9. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and Wisconsin constitutions.

Dated:  August 5, 2019

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By:   s/ *Alexander B. Trueblood*

Alexander B. Trueblood
Attorneys for Plaintiff
LESLIE ZEBELL

Trueblood Law Firm
10940 Wilshire Blvd.
Los Angeles, California 90024
Tel: (310) 443-4139
Fax: (310) 943-2255
Email: alec@hush.com